865 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anna G. AMSDEN, Plaintiff-Appellant
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1082.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS,* Senior U.S. District Judge.
 PER CURIAM:
 
 
 1
 The plaintiff, Anna Amsden, thirty-eight years old at the time of her administrative hearing, was denied benefits under a claimed social security disability. She allegedly suffers from osteoarthritis of the right knee, back pain, abdominal pain, and obesity. The plaintiff asserts that her impairments have disabled her within the meaning of the Social Security Act, and entitle her to receive disability benefits. After administrative denial, the district court also denied her claim and ruled for the Secretary.
 
 
 2
 The plaintiff had several operations on her right knee due to ganglion cysts in 1975 and 1976. She also sprained her right knee during 1978. X-rays of the right knee showed some degenerative arthritis and arthritic changes but indicated that the plaintiff had complete movement. A reference to the plaintiff's knee was also made in a medical report dated April 1985. At that time, x-rays of the right knee showed mild "hypertrophic spurring" indicating "mild" degenerative arthritis. No limitation of motion of the right knee was noted.
 
 
 3
 The plaintiff also suffers from abdominal problems which began in October 1977, when she underwent an exploratory laparotomy and excision of a twisted right ovarian cyst. These problems continued from time to time during 1978, and she experienced surgery in that year.
 
 
 4
 The plaintiff was also hospitalized after she fell down at her home and sustained an injury to her low back and the interior part of her abdomen. Because of the plaintiff's complaints of dysuria, she underwent cystoscopy with cystogram and retrograde pyelography with uterial dilation. Other objective tests were essentially normal, and x-rays of the abdomen were unremarkable.
 
 
 5
 She continued to have abdominal and intestinal problems from 1979 through 1984. Her physician, however, noted that she made good recovery after treatment on a number of occasions.
 
 
 6
 Plaintiff's back problems began in 1980, when she was injured while getting out of a car. She was diagnosed as suffering from mild degenerative disc disease of the L4-L5 level, with no definite evidence of radiculopathy (disease of the nervous system) in the lower extremities. The plaintiff was admitted to the hospital in April 1982 for severe back pain. Dr. Timban diagnosed acute lumbosacral sprain with nerve root irritation in the L5 region, and obesity. He noted that there were "no abnormal urological reflexes," and advised the plaintiff not to do any bending, lifting, or strenuous physical activity. In April 1983, the plaintiff was hospitalized for a suspected kidney obstruction, which caused severe back pain. However, no obstruction or abnormality was found.
 
 
 7
 In April 1985, plaintiff was admitted to the hospital because of severe back pain caused by a fall. She was diagnosed as suffering from acute lumbosacral sprain and arthritis of the right knee. She was treated with bed rest, warm compresses, traction, and physical therapy. She experienced "significant improvement" before being discharged. All tests were negative, and an x-ray of the lumbosacral spine showed "no evidence of fracture, dislocation, or other bone or joint disease ... no abnormal soft tissue densities ... normal lumbosacral spine."
 
 
 8
 The district court carefully considered all of the various physical and medical problems and the medical records of the plaintiff in this case. It also considered the full report and recommendation of the magistrate that Amsden was capable of sedentary work. The magistrate was of the view that the Secretary had "met his burden of proving that substantial numbers of jobs exist for claimant to perform through the medical vocational guidelines." Accepting the magistrate's recommendation and report and the ALJ's decision, Judge Duggan's nine page opinion reflects adequate treatment of all the issues and the record in this case.
 
 
 9
 We accordingly AFFIRM the judgment of the district court for the reasons stated in its November 27, 1987 opinion.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation